UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PERLIA WHITE**                                          **CIVIL ACTION**

**VERSUS**                                                **NO. 24-2071**

**HANO, ET AL.**                                          **SECTION: "P" (4)**

## ORDER AND REASONS

Before the Court is a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and, alternatively, a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e), filed by Defendant Housing Authority of New Orleans ("HANO").[1] The motion was set for submission on April 2, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance March 25, 2025. *Pro se* Plaintiff Perlia White did not file an opposition to the motion.[3] Accordingly, because the motion is unopposed and appears to have merit,[4]

---

[1] R. Doc. 11.
[2] R. Doc. 11-3.
[3] Although the Court construes *pro se* filings liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).
[4] Plaintiff Perlia White, who is self-represented, instituted this action against Defendants HANO and Ely Edwards Enterprise using a preprinted form complaint. R. Doc. 1. This preprinted form complaint explains that "[f]ederal courts are courts of limited jurisdiction (limited power)" and that, "[g]enerally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship." *Id.* at 3. Plaintiff alleges the basis for jurisdiction in this case is federal question jurisdiction. *Id.* The Court's jurisdiction (or power) to hear cases involving a federal question derives from 28 U.S.C. § 1331, which provides federal district courts with jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "arise under" federal law when the complaint establishes either (1) that "federal law creates the cause of action" or (2) that "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1982). When prompted by the form complaint to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote, "How does HANO allow unliveable [sic] homes on section 8?" R. Doc. 1 at 3. Describing her claim more fully, Plaintiff alleges "HANO allow[ed] Ely Edwards Enterprise to rent unliveable [sic] homes on section 8" and that "the state, city came out [and] deem[ed] this home unfit." *Id.* at 4. Plaintiff further

**IT IS ORDERED** that Defendant HANO's motion to dismiss for lack of subject matter jurisdiction (R. Doc. 11) is **GRANTED**, and Plaintiff Perlia White's claims are hereby **DISMISSED** without prejudice.

New Orleans, Louisiana, this 30th day of April 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

alleges that she would like to sue because "[d]ue to HANO [and] Ely Edward Enterprise['s] negligence, [she] now ha[s] tumors in [her] throat." *Id.*

Plaintiff, as the party invoking the Court's jurisdiction, has the burden of proving that the Court has subject matter jurisdiction over her action. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Despite Plaintiff's reference to "section 8"— which the Court infers is a reference to Section 8 of the Housing Act of 1937, as amended; that is, the federal program that provides rental assistance to low-income families and individuals, formally known as the Housing Choice Voucher Program, codified at 42 U.S.C. § 1437f—Plaintiff's complaint does not show that her cause of action arises under this law or that her right to relief necessarily depends on resolution of a substantial question related to this law. Instead, construing her complaint liberally, it appears Plaintiff is seeking damages pursuant to the theory of negligence, which would arise under state tort law. Plaintiff therefore fails to establish that this Court has federal question jurisdiction over her action. The Court separately notes that although Plaintiff did not allege the basis of jurisdiction in this case was diversity of citizenship, the Court nevertheless considered whether the allegations in the complaint establish the requirements for jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Here, Plaintiff alleges that she is a citizen of Louisiana and that both defendants are also citizens of Louisiana. R. Doc. 1 at 3. Because courts may only exercise jurisdiction pursuant to 28 U.S.C. § 1332 if the plaintiff is a citizen of a different state than all defendants, the complaint fails to establish that this Court has jurisdiction over her action based on diversity of citizenship. In conclusion, Plaintiff's case must be dismissed for lack of subject matter jurisdiction because Plaintiff has not established any basis upon which this Court may exercise jurisdiction over her action.